# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ANTEL AND CARMELITA CLARK,**

    **Plaintiffs,**

vs.                                                        **No. CIV 04-0743 RB/ACT**

**THE STATE OF MICHIGAN DEPARTMENT
OF ATTORNEY GENERAL; MIKE COX;
JAMES E. LONG; DEPARTMENT OF
CORPORATION COUNSEL; AZZAM E. ELDER;
AARON C. THOMAS; THE STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT; CATHY M.
GARRETT; JOHNNIE JOHNSON; LYN WATSON;**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on Defendants Cathy M. Garrett, Johnnie Johnson, and Lyn Watson's Motion to Set Aside Default (Doc. 55), filed on November 1, 2004, Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Rescind or Set Aside Default (Doc. 53), filed on October 29, 2004, Defendants Azzam E. Elder and Aaron C. Thomas' Limited Entry of Appearance to Contest Personal Jurisdiction and Clerk's Entry of Default (Doc. 56), filed on November 1, 2004, Plaintiffs' Motion for Entry of Default Judgment Against Mike Cox, James E. Long, Azzam E. Elder, and Aaron C. Thomas (Doc. 17), filed on September 16, 2004, Plaintiffs' Motion for Entry of Default Judgment Against Cathey M. Garrett, Johnnie Johnson, and Lyn Watson (Doc. 13), filed on September 15, 2004, Plaintiff's Motion for Default and Judgment (Doc. 47), filed on October 26, 2004, Plaintiffs' Motion to Strike the Untimely Defendants Mike Cox and James E. Long's Motion to Enlarge Time to Respond to Complaint (Doc. 34), filed on October 5, 2004, Plaintiffs' Motion to Strike the Untimely Defendants Cathey M. Garrett, Johnnie Johnson,

and Lyn Watson's Motion to Enlarge Time to Respond to Complaint (Doc. 35), filed on October 5, 2004, and Plaintiffs' Motion to Strike the Untimely Defendants Cathey M. Garrett, Johnnie Johnson, and Lyn Watson's Untimely Motion for Summary Judgment, Motion to Dismiss Complaint With Prejudice and Motion for Sanctions (Doc. 36), filed on October 5, 2004.  Having reviewed the submissions of the parties and the relevant law, I find that Defendants' motions should be granted and that Plaintiffs' motions should be denied.

On September 16, 2004, the Clerk of Court entered default as to Cathey M. Garrett, Johnnie Johnson, and Lyn Watson.  (Doc. 16.)  On September 17, 2004, the Clerk entered default as to Mike Cox and James E. Long.  (Doc. 20.)  On October 26, 2004, the entered default as to Department of Corporation Counsel.  Defendants seek to set aside the defaults.  Plaintiffs move the court for default judgments and to strike Defendant's motions as untimely.

A court may use its discretion to set aside an entry of default for good cause shown.  *See* FED. R. CIV. P. 55 (c).  When determining whether a defendant has met the good cause standard, the principal factors are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if default would be set aside; and (3) whether the defendant presented a meritorious defense.  *Porter v. Brancato*, 171 F. R. D. 303, 304 (D. Kan. 1997).

A responsive pleading must be served within twenty days after being served with a summons and complaint.  *See* FED. R. CIV. P. 12 (a)(1)(A) and (b).  Defendants Garrett, Johnson, Watson and the Third Judicial Circuit Court were served on August 25, 2004.  (Docs. 9, 10, 11, and 12.)  These defendants were required to serve a responsive pleading by September 14, 2004.  *See* FED. R. CIV. P. 6 (a).  Defendants Michigan, Cox, and Long were served on August 26, 2004.  (Def. 3, 4, and 5.)  These defendants were required to serve a responsive pleading by September 15, 2004.  Defendants

Azzam E. Elder, and Aaron C. Thomas state that they are licensed Michigan attorneys representing Wayne County Corporation and that they have never been served

Defendants Michigan, Cox, Long, and Third Judicial Circuit Court served a motion to extend time to respond to complaint on September 10, 2004. (Doc. 22.) Defendants Garrett, Johnson and Watson filed a motion to extend time to respond to complaint on September 15, 2004. (Doc. 28.) Defendants' responsive pleadings and motions were timely filed. Defendants did not engage in culpable conduct and they have raised meritorious defenses in their dispositive motions. The clerk's entries of default should be set aside. Plaintiffs' requests for default judgment and to strike should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Garrett, Johnson, and Watson's Motion to Set Aside Default (Doc. 55), filed on November 1, 2003, Defendants Michigan, Cox, Long, and Third Judicial Circuit Court Motion to Rescind or Set Aside Default (Doc. 53), filed on October 29, 2003, and Defendants Azzam E. Elder and Aaron C. Thomas' Limited Entry of Appearance to Contest Personal Jurisdiction and Clerk's Entry of Default (Doc. 56), filed on November 1, 2004, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default Judgment Against Mike Cox, James E. Long, Azzam E. Elder, and Aaron C. Thomas (Doc. 17), filed on September 16, 2004, Plaintiffs' Motion for Entry of Default Judgment Against Cathey M. Garrett, Johnnie Johnson, and Lyn Watson (Doc. 13), filed on September 15, 2004, Plaintiffs' Motion to Strike the Untimely Defendants Mike Cox and James E. Long's Motion to Enlarge Time to Respond to Complaint (Doc. 34), filed on October 5, 2004, Plaintiffs' Motion to Strike the Untimely Defendants Cathey M. Garrett, Johnnie Johnson, and Lyn Watson's Motion to Enlarge Time to Respond to Complaint (Doc.

35), filed on October 5, 2004, Plaintiffs' Motion to Strike the Untimely Defendants Cathey M. Garrett, Johnnie Johnson, and Lyn Watson's Untimely Motion for Summary Judgment, Motion to Dismiss Complaint With Prejudice and Motion for Sanctions (Doc. 36), filed on October 5, 2004, and Plaintiff's Motion for Default and  Judgment (Doc. 47), filed on October 26, 2004,  are **DENIED**.

*/s/ Robert Brack*

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**