IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTEL AND CARMELITA CLARK,**

    **Plaintiffs,**

vs.                                                         No. CIV 04-0743 RB/ACT

**THE STATE OF MICHIGAN DEPARTMENT
OF ATTORNEY GENERAL; MIKE COX;
JAMES E. LONG; DEPARTMENT OF
CORPORATION COUNSEL; AZZAM E. ELDER;
AARON C. THOMAS; THE STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT; CATHY M.
GARRETT; JOHNNIE JOHNSON; LYN WATSON;**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendants Cathy M. Garrett, Johnnie Johnson, and Lyn Watson's ("Wayne County Defendants") Motion for Summary Judgment, Motion to Dismiss Plaintiffs' Complaint with Prejudice, and Motion for Sanctions (Doc. 29), filed on September 23, 2004; Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Dismiss (Doc. 39), filed on October 7, 2004; Defendants Azzam E. Elder and Aaron C. Thomas' Limited Entry of Appearance to Contest Personal Jurisdiction and Clerk's Entry of Default (Doc. 56), filed on November 1, 2004; and Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Enjoin Plaintiffs (Doc. 38), filed on October 7, 2004. Having reviewed the submissions of the parties and the relevant law, I find that Defendants' motions should be granted and that the case should be dismissed.

**I. Background.**

This case arises out of a lawsuit that Plaintiffs filed with the Wayne County Circuit Court in Detroit, Michigan on August 17, 2001, alleging various state and federal statutory violations related to the employment relationship between Antel Clark and his former employer, Meijer Corporation. (Def. Ex. D.) Meijer removed that case from state court to the United States District Court for the Eastern District of Michigan. The federal court denied Plaintiffs' motion to remand and the case proceeded to discovery. On July 16, 2002, the federal court granted Meijer's motion for summary judgment.

On December 20, 2001, Plaintiffs filed a second lawsuit against Meijer in Wayne County Circuit Court, seeking relief similar to that they had requested in their previous complaint. (Def. Ex. G.) On June 13, 2002, the state court in Wayne County dismissed the second case on Meijer's Motion for Summary Disposition. (*Id.*) On July 1, 2002, Plaintiffs filed a third lawsuit against Meijer in Wayne County Court, which was also dismissed. (*Id.*)

At some point in 2002 or 2003, Plaintiffs relocated to New Mexico. On May 5, 2003, Plaintiffs filed a complaint in the United States District Court for the District of New Mexico, reasserting allegations similar to those in the earlier lawsuits and joining the local union that had represented Antel Clark during his employment. *See Clark v. United Food and Commercial Workers Int'l Union Local 951, et al.*, No. CIV 03-0552 JP/RLP. On July 30, 2003, the Honorable James A. Parker, United States District Judge, dismissed the complaint for lack of personal jurisdiction and insufficient service of process. *Id.*

On July 16, 2003, Plaintiffs filed an adversary proceeding against Meijer and the Wayne County Defendants in the United States Bankruptcy Court, District of New Mexico. *See Clark v.*

*Meijer, Inc.*, No. 03-1281-M. The Honorable Mark B. McFeeley, United States Bankruptcy Judge, granted the Wayne County Defendants' Motion to Dismiss for Failure to State a Claim, Motion for Judgment on the Pleadings, and Motion for Summary Judgment. (Def. Ex. A.)

On October 27, 2003, Plaintiffs filed an adversary proceeding against the Wayne County Defendants. *See Clark v. State of Michigan Third Judicial Circuit Court, et al.*, No. 03-1360-M. Judge McFeeley dismissed the proceeding for lack of subject matter jurisdiction. (Def. Ex. B.) On December 10, 2003, Plaintiffs filed a third adversary proceeding against Meijer and the law firm that had represented Meijer in a prior proceeding. *See Clark v. Meijer, et al.*, No. 03-1387-M. The bankruptcy court dismissed the third adversary proceeding on February 18, 2004.

On April 12, 2004, Plaintiffs filed suit in this court against the United States Bankruptcy Court, the Bankruptcy Clerk, and a deputy Bankruptcy Clerk. *See Clark v. United States Bankruptcy Court, et al.*, No. CIV 04-0400 MSK/ACT. The case was assigned to the Honorable Marcia S. Krieger, United States District Judge. Pro bono counsel was appointed and the parties stipulated to dismissal. On December 6, 2004, Judge Krieger held a hearing and dismissed the complaint on both the stipulation and on her own determination that the defendants were entitled to judicial immunity. Judge Krieger advised Plaintiffs that their proceedings were not based on any recognized legal claim and suggested that they consult with an attorney regarding pending matters and any matter they might file in the future. Judge Krieger warned Plaintiffs that failure to observe "fundamental aspects of civil litigation can have disastrous consequences for parties who are seeking relief." (Order Dismissing Action, Doc. 30, Tr. at 30.)

On May 10, 2004, Plaintiffs filed suit against the Bankruptcy Court, Judge McFeeley, and the Bankruptcy Trustee. *See Clark v. United States Bankruptcy Court, et al.*, No. CIV 04-0508

JP/WDS. Defendants' motion to dismiss based on judicial immunity is pending in that case. On August 15, 2004, Plaintiffs filed suit against Meijer Inc. and Meijer Stores Limited Partnership. *See Clark v. Meijer, Inc., et al.*, No. CIV 04-0922 JH/RHS. That case is currently pending.

On July 1, 2004, Plaintiffs filed another suit against the union. *See Clark v. United Food and Commercial Workers Int'l Union Local 951*, No. CIV 04-0744 JB/WDS. On September 2, 2004, the Honorable James O. Browning, United States District Judge, dismissed the action without prejudice for lack of personal jurisdiction.

On August 16, 2004, Plaintiffs filed suit against Meijer, individual defendants and a law firm on grounds similar to those raised in other complaints. *See Clark v. Meijer, Inc.*, No. CIV 04-0921 JB/RLP. On October 19, 2004, Judge Browning granted the Meijer Defendants' motion to dismiss for lack of personal jurisdiction and enjoined Plaintiffs from pursuing any further litigation against the Meijer Defendants in that lawsuit, or from filing any lawsuit unless they satisfy certain conditions. (Doc. 50.) Judge Browning also awarded attorney fees and other expenses incurred in preparing the motion to dismiss to the Meijer Defendants. (*Id.*) Plaintiffs have filed at least thirteen lawsuits.

**II. Standard.**

The court must liberally construe *pro se* litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the pro se litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

While a court must construe pro se plaintiffs' pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). The court is not obliged to craft legal theories for the pro se plaintiff, nor may the court supply factual allegations to support a pro se plaintiff's claim for relief. *Hall*, 935 F.2d at 1110.

**III. Discussion.**

**A. Wayne County Defendants' Motion for Summary Judgment and Motion to Dismiss Plaintiffs' Complaint with Prejudice.**

The Wayne County Defendants argue that the complaint should be dismissed based on res judicata. Plaintiffs have failed to respond to this motion. In order to support dismissal on res judicata grounds, defendant must satisfy four elements: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *See Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

The second adversary proceeding involved the same subject matter and the same parties as the instant case. *See Clark v. State of Michigan Third Judicial Circuit Court, et al.*, No. 03-1360-M ("03-1360-M"). It concluded with a judgments on the merits. *Id*. Plaintiffs had a full and fair opportunity to litigate their claims in 03-1360-M. The Wayne County Defendants are entitled to application of res judicata based on 03-1360-M

Moreover, the Wayne County Defendants are employed by the Wayne County Circuit Court. Plaintiffs allege that these defendants refused to accept certain documents from Plaintiffs for filing. (Comp. ¶¶ 98-92.) However, the refusal was based on a court order that barred Plaintiffs from filing

5

frivolous motions or pleadings in Wayne County Circuit Court. (Def. Ex. G.) Court clerks performing judicial acts are entitled to absolute immunity. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Clark v. United States Bankruptcy Court, et al.*, No. CIV 04-0400 MSK, Order Dismissing Action, (Dec. 6, 2004). These defendants were following a valid court order and performing judicial functions when they refused to accept the documents. The claims against the Wayne County Defendants are barred by absolute judicial immunity.

### B.  Defendants State of Michigan, Attorney General Mike Cox, Assistant Attorney General James E. Long, and Third Judicial Circuit Court's Motion to Dismiss.

Plaintiffs allege that Defendants State of Michigan, Mike Cox, James E. Long ("Michigan Defendants"), and Third Judicial Circuit Court engaged in wrongful conduct by defending against Plaintiffs claims in the adversary proceedings. The Michigan Defendants move to dismiss based on the Eleventh Amendment and qualified immunity. The Third Judicial Circuit Court moves to dismiss based on judicial immunity, the *Rooker-Feldman* doctrine, and res judicata.

The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Court has recognized three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective injunction relief; (2) waiver of Eleventh Amendment immunity by the state; and (3) explicit Congressional enactment through legislative powers under § 5 of the Fourteenth Amendment. *See Idaho v. Coeur d'Alene*, 521 U.S. 261, 267 (1997); *Seminole Tribe v. Florida*, 517 U.S. 44, 73 (1996). None of the exceptions are applicable here. Plaintiffs' claims against the Michigan

6

Defendants are barred by the Eleventh Amendment and will be dismissed with prejudice.

Plaintiffs have brought suit against the Third Judicial Circuit Court. Judges are immune from damages for civil liability for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Absolute judicial immunity extends to entities that have an integral relationship with the judicial process. *Whitesel*, 222 F.3d at 867. The claims against the Third Judicial Circuit Court are barred by absolute judicial immunity.

Moreover, the *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, (1983)). The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are inextricably intertwined with a prior state court judgment. *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002); *Feldman*, 460 U.S. at 482, n. 16. To the extent that Plaintiffs seek review of the state court's judgment, the claims are barred by the *Rooker-Feldman* doctrine. The claims against the Third Judicial Circuit Court will be dismissed with prejudice.

**C. Defendants Azzam E. Elder and Aaron C. Thomas' Challenge to Personal Jurisdiction.**

Defendants Elder and Thomas state that they have not engaged in any tortious conduct or transacted any business in New Mexico. The complaint contained no allegations indicating that these Defendants have even minimum contacts with New Mexico. Plaintiffs have failed to establish

personal jurisdiction as to Defendants Elder and Thomas. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Clark v. Meijer, Inc., et al.*, No. CIV 04-0921 JB/RLP, (Mem. Op. and Order, Oct. 19, 2004); *Clark v. United Food and Commercial Workers Int'l Union Local 951*, No. CIV 04-0744 JB/WDS, (Mem. Op. and Order, Sept. 2, 2004); *Clark v. United Food and Commercial Workers Int'l Union Local 951*, *et al.*, No. CIV 03-0552 JP/RLP, (Mem. Op. and Order, Jul. 1, 2003). The claims against these defendants will be dismissed without prejudice.

### D. Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Enjoin Plaintiffs and Wayne County Defendants' Motion for Sanctions.

Defendants request that Plaintiffs be enjoined from filing any other action against them based on the same facts and that the Clerk of the Court be ordered to refuse to accept for filing any more papers from these Plaintiffs. Courts have the inherent power to levy sanctions in response to abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Plaintiffs have no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions. *Depineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994). I find that Plaintiffs have engaged in abusive litigation practices by repeatedly bringing frivolous lawsuits.

In *Clark v. Meijer, Inc.*, No. CIV 04-0921 JB/RLP, Judge Browning enjoined Plaintiffs from pursuing any further litigation against the Meijer Defendants in that lawsuit, or from filing any lawsuit against them unless they satisfy certain conditions. (Doc. 50.) I find Judge Browning's approach to be reasonable and hereby adopt it with respect to the Wayne County Defendants, State of Michigan, Mike Cox, James E. Long, and Third Judicial Circuit Court.

The Wayne County Defendants further request that they be awarded $2,500.00 as

reimbursement for costs and attorney fees incurred as a result of defending this lawsuit. Plaintiffs filed this suit before they received the admonishments from Judge Browning and Judge Krieger about the consequences of frivolous and abusive filings. Plaintiffs are individuals who are unschooled in the law. I find that an award of attorney fees and costs is not justified at this time. However, I warn Plaintiffs that future frivolous filings may result in monetary sanctions being levied against them.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Cathy M. Garrett, Johnnie Johnson, and Lyn Watson's Motion for Summary Judgment, Motion to Dismiss Plaintiffs' Complaint with Prejudice, and Motion for Sanctions (Doc. 29), filed on September 23, 2004, Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Dismiss (Doc. 39), filed on October 7, 2004, Defendants Azzam E. Elder and Aaron C. Thomas' Limited Entry of Appearance to Contest Personal Jurisdiction and Clerk's Entry of Default (Doc. 56), filed on November 1, 2004, and Defendants State of Michigan, Mike Cox, James M. Long, and Third Judicial Circuit Court's Motion to Enjoin Plaintiffs (Doc. 38), filed on October 7, 2004, are **GRANTED**.

**IT IS FURTHER ORDERED** that the Wayne County Defendants' request for attorney fees and costs is denied.

**IT IS FURTHER ORDERED** that the Plaintiffs are prohibited from filing any legal proceedings in United States District Court for the District of New Mexico against Defendants Garrett, Johnson, Watson, State of Michigan, Mike Cox, James E. Long, and Third Judicial Circuit Court unless a licensed attorney admitted to practice before this Court signs the pleading or they first obtain permission to proceed pro se. *See Clark v. State of Michigan Third Judicial Circuit Court,*

*et al.*, No. 03-1360-M. In order to obtain permission to proceed pro se against Defendants Garrett, Johnson, Watson, State of Michigan, Mike Cox, James E. Long, and Third Judicial Circuit Court, Plaintiffs must take the following steps:

1. File a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against these Defendants.

2. File with the Clerk a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal right asserted and why the Court has personal jurisdiction over these Defendants. The affidavit must certify, to the best of Plaintiffs' knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that they will comply with all Federal and local rules of this Court. The affidavit must certify why the proposed new suit does not present the same issues decided twice by the Court and why another suit against these Defendants would not be an abuse of the system.

Plaintiffs shall submit these documents to the Clerk of the Court, who shall forward them to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, for review to determine whether to permit a pro se original proceeding. Without Judge Garcia's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action. If Judge Garcia approves the filing, he shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.

The Plaintiffs shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If Plaintiffs do not file objections, the sanctions shall

take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If the Plaintiffs timely file objections, these sanctions shall not take effect until I have ruled on the objections.

*[signature: Robert Brack]*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**